# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BRANDON WOODRUFF, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:15-CV-1832-M |
| ) | |
| LORIE DAVIS, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

In this state habeas case under 28 U.S.C. § 2254, Brandon Woodruff (Petitioner) challenges his conviction for capital murder in Cause No. 23,319 in Hunt County, Texas. On May 16, 2017, the United States Magistrate Judge recommended that the petition for habeas corpus relief be denied with prejudice without an evidentiary hearing. (See doc. 17.) Petitioner timely filed objections and requested an evidentiary hearing. After reviewing the objections and conducting a *de novo* review of those parts of the Findings and Conclusions to which objections have been made, I am of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

### I. BACKGROUND

While Petitioner was in the pretrial custody of the Hunt County Sheriff's Department, all of his telephone calls were routinely recorded. The prosecutor from the Hunt County Assistant District Attorney's office instructed jail staff to monitor his telephone calls, and jail staff, investigators and the prosecutor listened to recordings of calls between Petitioner and his attorneys. The recordings were ultimately provided to Petitioner, who moved to dismiss the indictment and sought to question the prosecutor who had ordered the monitoring and to obtain production of the information learned

as a result. These issues were addressed during the course of several hearings. The court listened to some of the recordings, ordered that all of the recordings be transcribed, recused the Hunt County DA's office, appointed a special prosecutor, and reviewed the State's file *in camera*. It denied the motion to dismiss and the requests to question the prosecutor and obtain the State's file, but it suppressed any evidence obtained from the conversations or that resulted from any investigation stemming from information learned from the calls. After a trial, a jury convicted Petitioner of the murder of his parents.

      Petitioner's habeas petition raised two grounds:

    (1) The Texas courts erroneously refused to dismiss the indictment when the State intentionally violated Petitioner's attorney-client privilege; and

    (2) Assuming for the sake of argument Petitioner must prove prejudice when the State intentionally violated the attorney-client privilege, the Texas courts improperly permitted the prosecutor to invoke the attorney work product privilege.

(*See* doc. 1 at 6, 9.) He now objects to the recommendation in the *Findings, Conclusions and Recommendation* (FCR) that his petition be denied. Specifically, he objects to the conclusion that he had the burden to show harm as a result of the violation of his attorney-client privilege, to the failure to find that there was a substantial and injurious effect under *Brecht v. Abrahamson,* and to the conclusion that the exception to the *Brecht* standard for a deliberate and especially egregious error does not apply. (Doc. 18 at 6-8.) He also objects to the conclusions that he failed to exhaust his due process claim and that an evidentiary hearing was not necessary. (*Id*. at 8, 11.)

## II. *BRECHT*

      Petitioner objects to the failure to apply the standard set out in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), for determining prejudice or harm as a result of a Sixth Amendment violation, i.e.,

whether the constitutional error had a substantial and injurious effect. He claims that the FCR erroneously assigned him the burden of proof even though the burden is not assigned to either party under that standard and that the Magistrate Judge, in the Findings, Conclusions, and Recommendation, failed to apply the exception to *Brecht* for deliberate and especially egregious error.

In *Brecht*, the Supreme Court held that the harmless error standard of *Kotteakos v. United States*, 328 U.S. 750, 776 (1946), applied on federal habeas review of a state conviction.[1] *Brecht*, 507 U.S. at 637-38. Under *Kotteakos*, habeas relief is granted only if the constitutional error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637-38. To obtain federal habeas relief, petitioners have the burden of demonstrating harm under *Brecht*. *See Basso v. Thaler*, 359 F. App'x 504, 509 (5th Cir. 2010).

In *United States v. Morrison*, 449 U.S. 361, 365 (1981), the Supreme Court addressed whether the dismissal of an indictment was an appropriate remedy for a Sixth Amendment violation. The Court held that "absent demonstrable prejudice or substantial threat thereof, dismissal of the indictment is plainly inappropriate even though the violation may have been deliberate." *United States v. Morrison*, 449 U.S. 361, 365 (1981). *Morrison* placed on the petitioner the burden of demonstrating prejudice or a substantial threat of it that warrants dismissal of the indictment. *See Morrison*, 449 U.S. at 366 (the defendant "demonstrated no prejudice"); *see also United States v. Davis*, 226 F.3d 346, 353 (5th Cir. 2000) (finding that an indictment cannot be dismissed for a Sixth

---

[1] In contrast, on direct appeal from convictions, courts apply the harmless error standard of *Chapman v. California*, 386 U.S. 18, 24 (1967). Under *Chapman*, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Brecht*, 507 U.S. at 630. The state has the burden of proving that error is harmless under the *Chapman* standard. *Id*.

Amendment violation "without some showing of prejudice" and that there was no error in failing to dismiss the indictment because the defendant did not show prejudice); *United States v. Johnson*, 68 F.3d 899, 902 (5th Cir. 1995) ("a defendant must show prejudice to his ability to receive a fair trial before charges will be dismissed"); *United States v. Laury*, 49 F.3d 145, 150 (5th Cir. 1995) (defendant could not demonstrate prejudice warranting dismissal of the indictment). *Morrison* did not address harmless error; it examined the appropriate trial remedy for a Sixth Amendment violation by the government. *Rushen v. Spain*, 464 U.S. 114, 128 n.7 (1983) (Brennan, J., concurring).

As in *Morrison*, the issue in this case is whether the trial court erred in failing to dismiss the indictment as the remedy for a Sixth Amendment violation. Under *Morrison*, Petitioner has the burden to show that the trial court committed error in failing to dismiss the indictment as a remedy for the Sixth Amendment violation by the State. If Petitioner fails to establish demonstrable or substantial threat of prejudice from the Sixth Amendment violation, then he has not met his burden to show error in failing to dismiss the indictment. If there was no error, then an analysis under *Brecht* to determine whether the error was harmless is unnecessary.

Moreover, even if *Brecht* applied to the determination of whether the trial court should have dismissed the indictment as the remedy for the Sixth Amendment violation, Petitioner would still have the burden of demonstrating his entitlement to federal habeas relief, i.e., the burden of demonstrating a substantial or injurious effect. *See Basso*, 359 F. App'x at 509 (quoting *Brecht*, 507 U.S. at 637) ("habeas petitioners ... are not entitled to habeas relief on trial error unless they can establish that it resulted in 'actual prejudice.'"). For the same reasons that he was not prejudiced by the Sixth Amendment violation and was not entitled to a dismissal of the indictment, he did not show

4

under *Brecht* that he suffered a substantial or injurious effect from the violation.

Here, the trial court suppressed evidence that was obtained or derived from the recordings as a remedy for the Sixth Amendment violation. The prosecutor who listened to the recordings and took notes and her office were recused from the case, and a special prosecutor was appointed. The office, including the prosecutor who listed to the recordings, was ordered not to communicate with the special prosecutor about the case. Petitioner does not explain how he was prejudiced in light of the suppression of any evidence obtained from the recordings, the recusal of the DA's Office, the appointment of a special prosecutor, and the order barring communication between the special prosecutor and the DA's Office about the case. He does not allege or suggest that the special prosecutor and the DA's Office communicated about the case in violation of the court order.

Petitioner has not shown that the special prosecutor was aware of any of the information that the original prosecutor obtained from listening to the recordings, including discussions about defense witnesses and their addresses and discussions about Petitioner's potential testimony. He has not shown that the discussions about defense witnesses were used by the State to develop the case against him or to assist the State in preparing to meet his defense. He has not shown that he was prejudiced under *Morrison*, such that the indictment should have been dismissed, or that he suffered a substantial or injurious effect under *Brecht*.

His objection to the FCR's failure to apply the exception to *Brecht*, which provides for habeas relief without a *Brecht* harmless error analysis for a deliberate and especially egregious error, also lacks merit. The dismissal of an indictment is not an appropriate remedy absent prejudice, even if the Sixth Amendment violation was deliberate. *Morrison*, 449 U.S. at 365.

In summary, *Brecht* does not apply to this case. The FCR correctly held that Petitioner had

the burden of showing prejudice under *Morrison*, even for a deliberate violation of the Sixth Amendment by the State. The FCR correctly concluded that he did not show that the state court unreasonably determined that he did not demonstrate prejudice from the Sixth Amendment violation sufficient to warrant dismissal of the indictment. Even under a *Brecht* analysis, however, he did not prove he suffered a substantial or injurious effect from the State's Sixth Amendment violation for the same reasons that he did not prove prejudice under *Morrison*.

### III. WORK PRODUCT

Petitioner objects on grounds that the state appellate court's analysis of the work-product evidentiary ruling was erroneous. He does not present a specific objection to the FCR regarding this issue. However, as the FCR correctly held, the state court's interpretation and application of the state evidentiary rule is not reviewable on federal habeas. *See Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

### IV. DUE PROCESS

Petitioner contends that the FCR erred in determining that his due process claim regarding the state court's ruling on the state law work-product/crime-fraud issue was unexhausted. He claims that he exhausted the due process claim in ground three of his petition for discretionary review (PDR).

The federal habeas petition contends that the state court's erroneous ruling on the state law work-product/crime-fraud issue was so egregious that it violated his right to due process. As the FCR explained, the PDR argued that the state court of appeals erred in its work-product/crime-fraud analysis. (*See* doc. 18-1 at 3-6). It did not argue that the rulings of the appellate court and trial court

were so egregious that there was a due process violation under the Constitution. Because Petitioner did not raise his due process claim in his PDR, the FCR correctly determined that his federal habeas due process claim regarding work product and the crime-fraud exception is unexhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (federal habeas due process claim was not exhausted where the petitioner "did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him . . . due process").

Additionally, as the FCR correctly concluded, any due process error regarding the work-product claim was harmless in light of the suppression of evidence obtained from the recordings, the appointment of a special prosecutor, and the order barring communication between the special prosecutor and the DA's Office about the case.

## V. EVIDENTIARY HEARING

Petitioner contends that the FCR erroneously held that he is not entitled to an evidentiary hearing regarding prejudice. He contends that an evidentiary hearing is necessary so that he may ask the prosecutor what she learned from listening to the recordings and examine the notes she took while listening to the recordings.

Under *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), even if the state court deprived the petitioner the opportunity for an evidentiary hearing, review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits, if on the basis of the state court record the state court's decision was not contrary to and did not involve an unreasonable application of clearly established Federal law and was not based on an unreasonable determination of the facts under § 2254(e)(2). *Smith v. Cain*, 708 F.3d 628, 635 (5th Cir. 2013). Here, the FCR correctly concluded that Petitioner had not shown that the state court's decision was

unreasonable. Habeas review is therefore limited to the state court record, and he is not entitled to an evidentiary hearing.

In addition, an evidentiary hearing would not support Petitioner's claims. The original prosecutor's knowledge of the content of the recordings and her notes from listening to the recordings are not relevant to the prejudice analysis under *Morrison* to determine whether the indictment should have been dismissed. The extent of what the prosecutor learned from the recordings and the notes she took would not affect the prejudice analysis because the special prosecutor and the prosecutor's office were ordered not to communicate about the case. Petitioner does not allege that they did communicate in violation of that order. The special prosecutor would not have known what the prosecutor learned from the recordings when preparing for and trying the case. The information Petitioner seeks to develop in an evidentiary hearing would not demonstrate that he was prejudiced by the failure to dismiss the indictment in light of the recusal of the original prosecutor's office, the appointment of a special prosecutor, and the order that they not communicate about the case. The FCR therefore correctly determined that he is not entitled to an evidentiary hearing. *See Robinson v. Johnson*, 151 F.3d 256, 268-69 (5th Cir. 1998) (no abuse of discretion in denying evidentiary hearing where there were no relevant factual disputes that required development in order to assess the habeas claims); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996) (to obtain an evidentiary hearing, there must be a "factual dispute, [that,] if resolved in the petitioner's favor, would entitle [him] to relief," but an evidentiary hearing is limited to the factual dispute and a "fishing expedition" is not authorized).

## VI. CONCLUSION

A *de novo* review of those parts of the FCR to which objections have been made shows that

Petitioner has failed to demonstrate that the order is either clearly erroneous or is contrary to law. *See* FED. R. CIV. PROC. 72(a). His objections are **OVERRULED**. The Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** with prejudice.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, Petitioner is **DENIED** a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If the petitioner files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

**SIGNED this 30th day of November, 2017.**

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**